IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| WIRELESS MONITORING SYSTEMS LLC, <br><br> Plaintiff, <br><br> vs. <br><br> SKYLINK TECHNOLOGIES INC. <br><br> Defendant. | Case No: <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Wireless Monitoring Systems LLC ("Plaintiff" or "WMS"), by and through its attorneys, files this Complaint against Skylink Technologies Inc. ("Defendant" or "Skylink") for infringement of United States Patent Nos. 9,280,886 ("the '886 Patent") and 8,912,893 ("the '893 Patent")

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with its principal office located at 101 E. Park Blvd, Suite 600 Plano, TX 75074.

4. On information and belief, Defendant is a Canadian company having a principal place of business at 17 Sheard Avenue, Brampton, Ontario, L6Y 1J3, Canada. This

Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

5.  On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## VENUE

6.  Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this district. In addition, and in the alternative, Defendants have committed acts of infringement in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 9,280,886)

7.  Plaintiff incorporates paragraphs 1 through 6 herein by reference.

8.  This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

9.  Plaintiff is the owner by assignment of the '886 Patent with sole rights to enforce the '886 patent and sue infringers.

10.  A copy of the '886 Patent, titled "Circuit Monitoring Device," is attached hereto as Exhibit A.

11.  The '886 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

12.  Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claims 1 and 29, of the '886 Patent by making, using, importing, selling, and/or offering for sale wireless security systems covered by one or more

claims of the '886 patent. Defendant has infringed and continues to infringe the '886 Patent directly in violation of 35 U.S.C. § 271.

13. Defendant sells, offers to sell, and/or uses wireless security systems, including, without limitation, control panels, hubs, and sensors (e.g., window sensors, door sensors, motion detectors, and the like), and any similar components and systems, which infringe at least Claims 1 and 29 of the '886 Patent.

14. The components of Defendant's systems (e.g., the sensors, hubs, and/or the control panels) are circuit monitoring devices. For example, one or more of the components monitor the status of an electrical circuit.

15. The circuits include field devices (e.g., sensors) that are configure to provide an electrical parameter (e.g., resistance) of the circuit.

16. The circuit monitoring devices use one or more processors with a memory and an input, which receive the measured parameter.

17. The processor(s) have one or more software modules to compare a digital value of the parameter to threshold values that correspond to a "normal" condition and an "alarm" condition (and/or "open," "closed," "active" status, or the like). For example, when a window sensor is in a "normal" condition, a circuit on which the window sensor resides is complete. The circuit includes a magnetic field. When the window sensor is tripped and the magnetic field is broken (e.g., because two sensors of the window sensor have been separated), the circuit changes from a complete state (e.g., with a first resistance value) to an open state (e.g., with a second resistance value). The sensor, hub and/or the control panel include one or more processors to assign a digital value to the circuit resistance (or other circuit parameter) (e.g., 0 or 1) and compare the digital value to thresholds that represent "normal" and "alarm"

conditions.

18. One or more software modules generates a status signal corresponding to the assigned status (e.g., "normal" or "alarm" condition).

19. The circuit monitoring device has a transmitter to send the status signal to a remote computing system (e.g., control panel, hub and/or central monitoring system), which can output the status (e.g., to a control panel display or a smart communication device, such as a smartphone).

20. The sensors are circuit monitoring modules that receive a parameter (e.g., resistance) of the circuit on which the sensors reside and compare the parameter to one or more threshold values to assign a value (e.g., corresponding to a "normal" or "alarm" condition) based on the comparison.

21. The assigned value (e.g., corresponding to "normal" or "alarm") and an identification of the sensor are communicated to a central system (e.g, control panel, hub and/or central monitoring system).

22. The assigned value (e.g., "normal" or "alarm") and the sensor identity are presented (e.g., to display on a remote computer, control panel, or a user's smart device).

23. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

24. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

25. Plaintiff is in compliance with 35 U.S.C. § 287.

## COUNT II
## (INFRINGEMENT OF UNITED STATES PATENT NO. 8,912,893)

26. Plaintiff incorporates paragraphs 1 through 25 herein by reference.

27. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, et seq.

28. Plaintiff is the owner by assignment of the '893 Patent with sole rights to enforce the '893 Patent and sue infringers.

29. A copy of the '893 Patent, titled "Circuit Monitoring Device," is attached hereto as Exhibit B.

30. The '893 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

31. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 30, of the '893 Patent by making, using, importing, selling, and/or offering for sale wireless security systems covered by one or more claims of the '893 patent. Defendant has infringed and continues to infringe the '893 Patent directly in violation of 35 U.S.C. § 271.

32. Defendant sells, offers to sell, and/or uses wireless security systems, including, without limitation, control panels, hubs, and sensors (e.g., window sensors, door sensors, motion detectors, and the like), and any similar components and systems, which infringe at least Claim 30 of the '893 Patent.

33. The components of Defendant's systems (e.g., the sensors, hubs and/or the control panels) are circuit monitoring devices. Defendant's systems use the sensors to monitor one or more electrical circuits.

34. The circuits include senors, hubs and/or control panels that use one or more

processors to receive a parameter (e.g., resistance) of the circuit.

35. The processor(s) compare a digital value of the parameter to threshold values that correspond to a "normal" condition and an "alarm" condition. For example, when a window sensor is in a "normal" condition, a circuit on which the window sensor resides is complete. The circuit includes a magnetic field. When the window sensor is tripped and the magnetic field is broken (e.g., because two sensors of the window sensor have been separated), the circuit changes from a complete state (e.g., with a first resistance value) to an open state (e.g., with a second resistance value). The sensor, hub and/or the control panel include one or more processors to assign a digital value to the circuit resistance (or other circuit parameter) (e.g., 0 or 1) and compare the digital value to thresholds that represent "normal" and "alarm" conditions.

36. A status (e.g., "normal" or "alarm" condition) is assigned according to the digital value of the received parameter (e.g., resistance) of the circuit being within a range defined by the threshold values (e.g., a range corresponding to a "normal" or "alarm" condition.

37. The assigned value (e.g., corresponding to "normal" or "alarm") is communicated to a central monitoring system (e.g, control panel, hub and/or central monitoring system).

38. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

39. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

40. Plaintiff is in compliance with 35 U.S.C. § 287.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Award Plaintiff past and future damages, costs, and expenses resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(c) Award Plaintiff pre-judgment and post-judgment interest and costs

(d) That this case be declared exceptional and Plaintiff be awarded its costs, expenses, and reasonable attorneys' fees in this action pursuant to 35 U.S.C. § 285; and

(e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: November 7, 2016					Respectfully submitted,

									*/s/Jay Johnson*
									**JAY JOHNSON**
									State Bar No. 24067322
									**D. BRADLEY KIZZIA**
									State Bar No. 11547550
									**KIZZIA JOHNSON, PLLC**
									1910 Pacific Ave., Suite 13000
									Dallas, Texas 75201
									(214) 451-0164
									Fax: (214) 451-0165
									jay@kjpllc.com
									bkizzia@kjpllc.com

									**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A

# EXHIBIT B